HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RODERICK DEMMINGS,<br><br>    Plaintiff,<br><br>    v.<br><br>PACIFIC MARITIME ASSOCIATION, ILWU LOCAL 19, JOHN DOES 1-100,<br><br>    Defendants. | CASE NO. C11-1864 RAJ<br><br>ORDER GRANTING DEFENDANTS' 12(b)(6) MOTIONS TO DISMISS |

## I.   INTRODUCTION

This matter comes before the court on defendant Longshore Division of the International Longshore and Warehouse Union Local 19's ("Union") motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) and defendant Pacific Maritime Association's ("PMA") motion to dismiss under Rules 12(b)(6) and 56.[1] Dkt. # 13, # 18. *Pro se* plaintiff

---

[1] Defendants ask the court to take judicial notice of several documents, including Mr. Demmings's EEOC charges, EEOC right to sue letters, 14-99 program guidelines, and the arbitrator's deregistration ruling. Dkt. # 13 at 8, Dkt. #14 at 8, 13, 20, 27, 30 (Exs. A, B, D, E, F), Dkt. # 19 at 6 (Ex. A), Dkt. # 25 at 5, 7, 9, 11, 20 (Exs. A, B, C, D).  The court may consider documents outside the pleadings on a 12(b)(6) motion if they are incorporated by reference into the complaint, form the basis of the plaintiff's claims, or are matters of judicial

ORDER GRANTING DEFENDANTS' 12(b)(6) MOTIONS TO DISMISS- 1

Roderick Demmings alleges the following causes of action under state and federal law: breach of the duty of fair representation, breach of contract, and discrimination and retaliation on the basis of race and disability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, the Washington Law Against Discrimination ("WLAD"), RCW 49.60, 42 U.S.C. §§1981 and 1983.[2]  Dkt. # 8 (First Am. Compl.).  Defendants move to dismiss Mr. Demmings's claims for breach of the duty of fair representation, breach of the labor contract, discrimination and retaliation under Title VII and the WLAD related to his deregistration and failure to accommodate, and under section 1983.

Having reviewed the memoranda submitted and the record herein, the court GRANTS the defendants' 12(b)(6) motions to dismiss.

## II. BACKGROUND

Mr. Demmings, an African American man, began as a longshore worker in 1991. Dkt. # 8 ¶ 10.  At the time of his termination, Mr. Demmings was a Class "B" limited registered worker and a member of the Union.  Dkt. # 8 ¶ 10.  Mr. Demmings worked out

---

notice, without converting the motion to a Rule 56 motion for summary judgment.  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Because the EEOC documents are a matter of public record and Mr. Demmings referred to the 14-99 program guidelines and the arbitrator's ruling extensively in his complaint, the court will consider them.  The court has disregarded all other evidence, including a number of additional factual asserts made by Mr. Demmings in his response.  *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (2008) ("In general, the inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff.").  The court also DENIES PMA's motion for summary judgment because, although *pro se* plaintiff has not strictly complied with Rule 56(d), he has requested an opportunity to conduct further discovery, which the court construes as a Rule 56(d) request.

Mr. Demmings filed a "motion to strike" the defendants' reply in support of the motions to dismiss on two grounds: 1) the Union's reply exceeded the twelve-page limit, and 2) the defendants' reply briefs contain arguments and attach documents not addressed in their original motions.  The court has disregarded pages in excess of the twelve-page limit.  Local Rules W.D.Wash. CR 7(e).  Mr. Demmings does not specify which arguments are new or which documents contain new information.  Much of the defendants' reply briefs are directed at addressing allegations and argument in Mr. Demmings' response brief.  The attached documents relate to PMA's motion for summary judgment, which the court has disregarded.  Accordingly, plaintiff's motion to strike the defendants' briefs and attachments is DENIED.

[2] Mr. Demmings agrees to dismiss his §1983 claim.  Dkt. # 23 at 1, n. 1.

of a hiring hall operated by the Union and PMA. Dkt. # 8 ¶ 10. Mr. Demmings claims that because he has a history of filing National Labor Relations Board ("NLRB") and Equal Employment Opportunity Commission ("EEOC") charges and grievances on behalf of disabled and African American co-workers, he has been labeled a "troublemaker" by the Union and PMA. Dkt. # 8 at ¶¶ 29, 35.

Mr. Demmings informed Union leadership that he was suffering from alcoholism and drug dependence in 2005. Dkt # 8 ¶ 10. He began receiving treatment in 2006 and, after his doctors determined he was disabled in 2007, he provided medical documentation to the Union and requested a leave of absence. Dkt # 8 ¶ 10. Mr. Demmings does not allege whether his request was granted. Dkt. # 8. Mr. Demmings was incarcerated from December 2007 to July 2008. Dkt. # 8 ¶¶ 10, 12.

After Mr. Demmings returned to work in July 2008, the Union informed him that the Joint Port Labor Relations Committee ("JPLRC") would hold a hearing to determine whether he should be "de-registered," or terminated, for being unavailable to work during his period of incarceration. Dkt. # 8 ¶ 10. Mr. Demmings claims he submitted medical documentation showing he was on medical leave, but he was not allowed to testify at the hearing. Dkt. # 8 ¶¶ 10, 12. On September 16, 2008, an arbitrator upheld the JPLRC's recommendation to deregister Mr. Demmings. Dkt. # 8 ¶ 10.

Following his deregistration, Mr. Demmings requested reinstatement through formal administrative procedures and by informally meeting with Union and PMA officials to discuss his disability and the circumstances of his deregistration. Dkt. # 8 ¶ 12. On July 31, 2009, Mr. Demmings filed charges with the EEOC alleging race and disability discrimination and retaliation by the Union and PMA. Dkt. #14 at 8 (Ex. A); Dkt. # 25 at 5 (Ex. A). The EEOC issued "right to sue" letters on March 12, 2010. Dkt. #14 at 13 (Ex. B); Dkt. # 25 at 7 (Ex. B).

Sometime in 2010, Mr. Demmings learned that it was possible to apply for reinstatement through a drug and alcohol recovery program, the "14-99 program,"

through the Coast Labor Relations Committee ("CLRC").[3]  Dkt. # 8 ¶ 15.  Mr. Demmings claims he applied for the 14-99 program when he met with Norm McLeod, a program administrator, and gave him a doctor's note explaining that his work problems were related to his drug and alcohol use.  Dkt. # 8 ¶ 16.  After the local 14-99 program administrator told Mr. Demmings he would not be accepted into the program, he wrote a number of letters to the Union and PMA asking for an explanation.  Dkt. # 8 ¶¶ 17, 18.  In October 2010, Union president Matt Ventoza informed Mr. Demmings that the Union would not pursue his application for the program.  Dkt. # 8 ¶ 18.  Mr. Demmings filed a charge with the NLRB in November or December 2010.  Dkt. # 8 ¶ 19.

On April 29, 2011, Mr. Demmings filed new charges with the EEOC alleging race and disability discrimination, but not retaliation.  Dkt. # 14 at 20 (Ex. D), Dkt. # 25 at 9 (Ex. G).  Mr. Demmings asserted that the Union and PMA refused his requests for reinstatement and deregistered him in 2008 because of his race and disability.  *Id*.  The EEOC issued right to sue letters on August 23 and 24, 2011.  Dkt. # 14 at 27 (Ex. E); Dkt. #25 at 11 (Ex. D).  Mr. Demmings filed this lawsuit on November 7, 2011.  Dkt. # 1.

## III. ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted."  "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).   This court holds the pleadings of *pro se* complainants to less stringent standards than those of licensed attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nevertheless, every complainant must demonstrate

---

[3] Mr. Demmings also alleges that he asked to be admitted to the program in 2006, 2007, and 2008.  Dkt. # 8 ¶ 19.

some claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding whether to grant a motion to dismiss, "the court is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998). A party may raise a statute of limitations defense in a 12(b)(6) motion when the running of the statute is apparent on the face of the complaint. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

### B. Breach Of Duty Of Fair Representation And Breach Of Contract Claims

A six-month statute of limitations applies to hybrid section 301/fair representation claims where the employee alleges that the employer breached the collective bargaining agreement and the union breached its duty of fair representation. *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 169-70, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 989 n. 39 (9th Cir. 2007). The statute of limitations "generally begins to run when an employee knows or should know of the alleged breach of duty of fair representation." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986). *See, e.g., Harris v. Alumax Mill Products, Inc.*, 897 F.2d 400, 404 (9th Cir. 1990) (stating that plaintiff's claims accrued as of "the date on which he was informed by a Union representative that the Union would not pursue a grievance on his behalf"). Mr. Demmings claims he was informed that the Union would not pursue his reinstatement in October 2010. Dkt. # 8 ¶ 18. He did not file his complaint until November 7, 2011, more than one year later.

Demmings does not dispute the applicability of the six-month statute of limitations to his hybrid section 301/fair representation claims. Instead, he argues that his claim is not time-barred because he filed charges with the EEOC and the NLRB within the six-month statute of limitations. The Ninth Circuit equitably tolls section 301's statute of limitations only "when the plaintiff is *required* to avail himself of an alternate course of

action as a precondition to filing suit." *Harris*, 897 F.2d at 404 (emphasis in original) (quoting *Conley v. Int'l Bhd. of Elec. Workers*, 810 F.2d 913, 916 (9th Cir. 1987)). The filing of charges with the NLRB does not toll the statute of limitations because such filing is merely optional. *Conley*, 810 F.2d at 916 (9th Cir. 1987); *Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667 (9th Cir. 1988). In *Harris*, the Ninth Circuit refused to toll the plaintiff's hybrid section 301/duty of fair representation claim because his workers compensation claim was not a precondition to filing suit under section 301. *Id*. Similarly, in both *Conley* and *Pejic* the filing of a charge with the NLRB did not toll the limitations period because the filing of an NLRB charge was not required to file a section 301 claim. *Conley*, 810 F.2d at 916; *Pejic*, 840, F.2d at 671.

The Ninth Circuit has not addressed whether filing an EEOC charge tolls the statute of limitations in a section 301/fair representation claim. The Seventh Circuit has held that it does not. *Johnson v. Artim Transp. Sys., Inc.*, 826 F.2d 538, 551 (7th Cir. 1987). The court relied on *Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 460-61, 95 S.Ct. 1716 (1975), where the Supreme Court considered whether the filing of an EEOC charge under Title VII tolled the statute of limitations for a section 1981 claim. The Supreme Court concluded that the two statutes provided different coverage and remedies for plaintiffs, and because the two statutes "although related, and although directed to most of the same ends, are separate, distinct, and independent," the EEOC filing did not toll the section 1981 claim. *Johnson*, 421 U.S. at 461. Applying the same reasoning to a hybrid section 301/fair representation claim, the Seventh Circuit found the claim to be similarly independent and separate from a Title VII claim. *Johnson*, 826 F.2d at 550. "A Title VII action is directed at a company's or a union's discriminatory conduct, while the section 301/fair representation claim alleges the company's breach of the collective bargaining agreement and the union's failure to protect the plaintiff's rights under that agreement." *Id*. The court further held that, as indicated by the six-month statute of limitations, "[p]olicies supporting the need to rapidly resolve labor disputes

weigh against tolling the statute of limitations for section 301/fair representation claims- to do so would undermine the reasoning and ruling of *DelCostello*." *Johnson*, 826 F.2d at 550-51.

The court is persuaded by the reasoning *Johnson* and adopts it here. Because the filing of an EEOC charge is not a prerequisite for filing a section 301/fair representation claim, and because the claims are separate and distinct, the statute of limitations for a section 301 claim is not tolled by the EEOC filing. Mr. Demmings did not initiate his claims for breach of the duty of fair representation and breach of the collective bargaining agreement within six months of notice that the Union would no longer represent him. Accordingly, these claims are time barred.[4]

### C. Discrimination and Retaliation Claims

#### a. Title VII

Defendants move to dismiss Mr. Demmings's claims based on his 2008 deregistration as barred by the statute of limitations. In order to preserve a civil action under Title VII, a plaintiff must file a charge of discrimination or retaliation within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). When the plaintiff initially files the charge with a state or local agency, the filing period is extended to 300 days. *Id*. Once the EEOC has issued a notice of right to sue, a plaintiff must file the lawsuit within 90 days. 42 U.S.C. § 2000e-5(f)(1). "A claim is time barred if it is not filed within these time limits." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109, 12 S.Ct. 2061 (2002).

Mr. Demmings's claims of race and disability discrimination and retaliation are based on allegations made in two EEOC charges. Because both charges were jointly

---

[4] Demmings also argues that the Union's and PMA's refusal to reinstate him through the 14-99 program is a continuing violation, thereby tolling the statute of limitations. Under section 301, however, continuing violations do not toll the statute of limitations. *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 669 (9th Cir. 1985).

filed with state and local agencies, the 300 day filing period applies. Dkt. # 14 at 8, 20 (Exs. A, D). Mr. Demmings's first charge is based on the September 16, 2008 deregistration. Dkt. # 14 at 8 ("I was discharged on or about September 16, 2008.").[5] He filed the charge on July 31, 2009, more than 300 days after his deregistration. *Id*. Further, the EEOC issued a right to sue letter on March 12, 2010, but Mr. Demmings did not file this lawsuit until November 7, 2011. Dkt. # 14 at 13, Dkt. # 1. Accordingly, Mr. Demmings's claims of race and disability discrimination and retaliation based on his deregistration are time barred.

      Mr. Demmings filed a second EEOC charge on April 29, 2011. Dkt. # 14 at 20. In this charge, he claimed that the last discriminatory act took place on October 18, 2010, when the Union and PMA "ignored [his] requests and refused to reinstate [him]." Dkt. # 14 at 20. Mr. Demmings also asserted that he "was deregistered in September 2008 because of [his] race, African American, and disability. . . ." Dkt. #14 at 20. Mr. Demmings filed the second charge within 300 days of the last alleged discriminatory act. *Id*. He then filed this lawsuit within 90 days of the EEOC right to sue letter for the second charge.

      Defendants do not argue that Mr. Demmings's discrimination claim based on a refusal to reinstate is time barred. Rather, Defendants contend that Mr. Demmings may not pursue a Title VII claim based on his 2008 deregistration, even though he included the claim in the second EEOC charge. In response, Mr. Demmings attempts to recast his claims as a hostile work environment claim. Dkt. # 23 at 15-16. He asserts that the denial of accommodation, denial of representation, deregistration, and denial of reinstatement, viewed together, constitute a hostile work environment. *Id*.

---

[5] In response to the motion, Mr. Demmings asserts that deregistration was not final until late 2010. Because this statement is inconsistent with the allegations in the complaint and the EEOC charges, the court has disregarded it.

However, Mr. Demmings did not allege a hostile work environment in his complaint, nor did he allege facts sufficient to support such a claim. Dkt. # 8. Consequently, only the allegations of discrimination that allegedly occurred within 300 days of April 29, 2011 are actionable.[6] The denial of disability accommodation and deregistration are discrete acts that occurred outside of the filing period and, although related to the discrete act of refusing to reinstate him, are time barred under Title VII.[7]

### b. **WLAD**

Defendants also move to dismiss Mr. Demmings's claims of discrimination and retaliation under the WLAD based on the September 16, 2008 deregistration as barred by the statute of limitations. A three-year statute of limitations applies to claims under the WLAD, RCW 49.60. *Antonius v. King County*, 153 Wash. 2d 256, 261-62, 103 P.3d 729 (2004). Because Mr. Demmings filed this complaint on November 7, 2011, his WLAD claims based on his deregistration are time barred.

## II. CONCLUSION

For all the foregoing reasons, the court GRANTS the defendants' motions to dismiss under Rule 12(b)(6). Dkt. # 13, #18. Accordingly, the court DISMISSES with prejudice Mr. Demmings's claims for breach of the duty of fair representation, breach of the labor contract, discrimination and retaliation on the basis of race and disability under

---

[6] In *Morgan*, the Supreme Court made clear that in Title VII cases, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act." *Morgan*, 536 U.S. at 113. The *Morgan* court distinguished "discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" from a hostile work environment claim, which by its "very nature involves repeated conduct." *Morgan*, 536 U.S. at 114-15. A hostile work environment claim focuses on the cumulative effect of a series of actions, where the individual actions do not amount to adverse employment actions. *Morgan*, 536 U.S. at 115. Mr. Demmings has only alleged discrete acts in his complaint.

[7] Allegations based on his deregistration may be considered as part of his § 1981 claim.

Title VII and the WLAD related to his deregistration and request for accommodation, and under section 1983.

Dated this 26th day of September, 2012.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER GRANTING DEFENDANTS' 12(b)(6) MOTIONS TO DISMISS- 10