HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODERICK DEMMINGS,

         Plaintiff,

    v.

PACIFIC MARITIME ASSOCIATION, ILWU LOCAL 19, JOHN DOES 1-100,

         Defendants.

CASE NO. C11-1864 RAJ

ORDER

    This matter comes before the court on defendant Pacific Maritime Association's ("PMA") motion to clarify or revise the court's order or, in the alternative, to dismiss plaintiff's ADA claim under rule 12(c) or 56. Dkt. # 92. On September 26, 2012, the court granted defendants' 12(b)(6) motions to dismiss *pro se* plaintiff Roderick Demmings' claims for breach of duty of fair representation, breach of contract, discrimination and retaliation on the basis of race and disability under Title VII and the WLAD related to his deregistration and request for accommodation, and under section 1983. Dkt. # 40. Defendants did not move the court to dismiss his cause of action under the Americans with Disabilities Act ("ADA"), accordingly, the court did not address the

ORDER- 1

ADA claim in the September 26, 2012 order.  *See* Dkt. ## 13, 18.  Accordingly, clarification or revision of that order is not warranted.

Nevertheless, PMA requests, in the alternative, for the court to dismiss plaintiff's ADA claim under Rule 12(c) or Rule 56.  Dkt. # 92.  Plaintiff has not filed an opposition, but has moved the court to strike the motion on the grounds that it "violates the local federal rules, particularly CR 7 and its subparts."  Dkt. # 93.  PMA has already filed a motion for summary judgment, and this District does not allow contemporaneous dispositive motions, each one directed toward a discrete issue or claim, without leave of court.  Local Rules W.D. Wash. ("LR") 7(e)(3).

Under Rule 12(c), after the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings.  Fed. R. Civ. Proc. 12(c).  Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law.  *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012).  Analysis under Rule 12(c) is "substantially identical" to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle plaintiff to a legal remedy.  *Id.*

Strictly speaking, plaintiff has not alleged an ADA claim by name.  *See* Dkt. # 5 (FAC).  However, construed liberally, plaintiff appears to allege a claim for disability discrimination under federal law, which is available pursuant to the ADA.  *Id.* ¶ 39.  The federal disability discrimination claim arises out of the same facts as the Title VII and the Washington Law Against Discrimination ("WLAD") claims related to his deregistration and request for accommodation.  However, the court dismissed plaintiff's Title VII and WLAD claims as time-barred based on the statute of limitations and procedural requirements of Title VII and the WLAD.  PMA has not adequately briefed whether the same procedural requirements and statute of limitations apply under the ADA.

1       For all the foregoing reasons, the court DENIES PMA's Rule 12(c) motion
2 without prejudice.  In the interests of justice and streamlining the issues for trial, the court
3 will allow defendants to file a renewed Rule 12(c) motion within thirty days of this order.

5       Dated this 12th day of June, 2013.

                                                    *[signature]*

                                   The Honorable Richard A. Jones
                                   United States District Judge