HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODERICK DEMMINGS,

          Plaintiff,

    v.

PACIFIC MARITIME
ASSOCIATION, ILWU LOCAL 19,
JOHN DOES 1-100,

          Defendants.

CASE NO. C11-1864 RAJ

ORDER

This matter comes before the court on defendant Longshore Division of the International Longshore and Warehouse Union Local 19's ("Union") and defendant Pacific Maritime Association's ("PMA") motion to dismiss *pro se* plaintiff's claim under the Americans with Disabilities Act ("ADA") pursuant to Rule 12(c).  Dkt. # 100, # 101. On September 26, 2012, the court granted the defendants' motion to dismiss under Rule 12(b)(6) to dismiss plaintiff's claims for breach of duty of fair representation, breach of contract, discrimination and retaliation on the basis of race and disability under Title VII and the Washington Law Against Discrimination ("WLAD") related to his deregistration and request for accommodation, and under section 1983.  Dkt. # 40.  On June 12, 2013,

1  the court DENIED PMA's motion to clarify or revise the court's order regarding

2  plaintiff's ADA claim.  Dkt. # 97.  The court noted that defendants had not moved the

3  court to dismiss the purported ADA claim specifically, and that strictly speaking, plaintiff

4  had not alleged an ADA claim by name.  *Id.* at 1, 2.  Nevertheless, the court noted that

5  construed liberally, plaintiff appeared to allege a claim for disability discrimination under

6  federal law, which is available pursuant to the ADA.  *Id.* at 2.  Since the court dismissed

7  plaintiff's WLAD and Title VII claims related to the deregistration and request for

8  accommodation based on the statute of limitations and procedural requirement, and PMA

9  had not adequately briefed whether the same procedural requirements and statute of

10  limitations applied under the ADA, the court denied PMA's motion without prejudice.

11  *Id.* at 2-3.  The court allowed defendants to file renewed Rule 12(c) motions with respect

12  to plaintiff's ADA claim, which is now before the court.

13          Under Rule 12(c), after the pleadings are closed, but early enough not to delay

14  trial, a party may move for judgment on the pleadings.  Fed. R. Civ. Proc. 12(c).

15  Judgment on the pleadings is properly granted when, accepting all factual allegations in

16  the complaint as true, there is no issue of material fact in dispute, and the moving party is

17  entitled to judgment as a matter of law.  *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir.

18  2012).  Analysis under Rule 12(c) is "substantially identical" to analysis under Rule

19  12(b)(6) because, under both rules, a court must determine whether the facts alleged in

20  the complaint, taken as true, entitle plaintiff to a legal remedy.  *Id.*  Accordingly, the court

21  incorporates by reference the court's order granting defendants' Rule 12(b)(6) motion,

22  and will only address whether the same statute of limitations and procedural requirements

23  the court applied to the Title VII claim applies to the ADA claim here.[1]

24  _____

25          [1] The court's prior ruling as to which documents are subject to judicial notice applies

26  equally here.  Dkt. # 40 at 1-2 n.1. *See Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th
   Cir. 2012) (taking judicial notice of documents pursuant to Federal Rule of Evidence 201 on a

27  Rule 12(c) motion).  Accordingly, plaintiff's motion to strike is DENIED as MOOT.

"The statutory scheme and language of the ADA and Title VII are identical in many respects." *Walsh v. Nev. Dept. of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006). Title I of the ADA invokes the same "powers, remedies and procedures" as those set forth in Title VII. *Id.* (citing 42 U.S.C. § 12117(a)). Accordingly, the time limits the court provided in its September 26, 2012 order (Dkt. # 40 at 7) for filing an EEOC charge and filing suit following the right to sue letter in Title VII cases apply equally to employment claims under the ADA.[2]

Mr. Demmings's claim of disability discrimination under the ADA is based on the same allegations under his Title VII claim addressed by the court in its September 26, 2012 order. Accordingly, the court's analysis and conclusions in that order apply equally to plaintiff's claim under the ADA, and the court incorporates by reference such analysis and conclusions. Dkt. # 40 at 7-9.

For all the foregoing reasons, the court GRANTS the defendants' motions to dismiss under Rule 12(c) consistent with the court's September 26, 2012 order. Dkt. # 100, # 101. Accordingly, the court DISMISSES with prejudice Mr. Demmings's claims for disability discrimination related to his deregistration and request for accommodation that occurred outside of the limitations period. The Clerk is DIRECTED to terminate plaintiff's motion to strike (Dkt. # 104) as MOOT. *See* note 1 *supra*.

---

[2] Those procedures require a plaintiff to file a charge of discrimination or retaliation within 180 days of the alleged unlawful employment practice, or within 300 days if the charge is initially filed with a state or local agency. 42 U.S.C. 2000e-5(e)(1). Once the Equal Employment Opportunity Commission ("EEOC") issues a right to sue letter, a plaintiff has 90 days to file a lawsuit. 42 U.S.C. § 2000e-5(f)(1). A claim is time-barred if it is not filed within these limits. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

1    Dated this 16th day of September, 2013.

2

3    _____

4    The Honorable Richard A. Jones
     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER- 4