HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RODERICK DEMMINGS,<br><br>         Plaintiff,<br><br>   v.<br><br>PACIFIC MARITIME ASSOCIATION, ILWU LOCAL 19, JOHN DOES 1-100,<br><br>         Defendants. | CASE NO. C11-1864 RAJ<br><br>ORDER |

This matter comes before the court on a number of motions and cross-motions for summary judgment. Dkt. ## 49, 52, 57, 65. *Pro se* plaintiff Roderick Demmings moves separately for partial summary judgment against defendant Longshore Division of the International Longshore and Warehouse Union Local 19's ("ILWU") (Dkt. # 49) and defendant Pacific Maritime Association ("PMA") (Dkt. # 65). Defendant ILWU filed a cross-motion for summary judgment as part of its opposition. Dkt. # 52. Defendant PMA has also moved for summary judgment. Dkt. # 57.

On September 26, 2012, the court granted defendants' motions to dismiss under Rule 12(b)(6) to dismiss plaintiff's claims for breach of duty of fair representation,

ORDER- 1

breach of contract, discrimination and retaliation on the basis of race and disability under Title VII and the Washington Law Against Discrimination ("WLAD") related to his deregistration and request for accommodation, and under section 1983. Dkt. # 40. On September 16, 2013, the court granted defendants' motion to dismiss plaintiff's ADA claim related to his deregistration and request for accommodation. Dkt. # 119. Additionally, in plaintiff's combined response to defendants' motions, plaintiff concedes that he "does not have sufficient evidence to establish his claims for racial disparate treatment and disparate impact," which disposes of his WLAD race-based claim.[1] Dkt. # 84 at 1.

In his combined response, plaintiff identifies the following claims as currently pending before the court: (1) Race-based hostile work environment under the WLAD, section 1981 and Title VII, (2) disability-based hostile work environment under the WLAD, (3) disability-based failure to accommodation under the WLAD, and (4) disability-based retaliation. Dkt. # 84 at 1-2. Plaintiff is mistaken. The court has previously held that plaintiff did not allege a hostile work environment claim in his complaint. Dkt. # 40 at 8-9. Accordingly, the first and second purported claims are not pending before the court. Additionally, upon review of the complaint, the court finds that plaintiff did not allege a claim for retaliation. Dkt. # 8. Accordingly, that claim is not pending before the court. Plaintiff's failure to accommodate claim is based on his deregistration. *See* Dkt. # 84 (Opp'n) at 13:5-8, 14:2-5, 15:2-4. The court has already ruled that the denial of disability accommodation and deregistration are discrete acts that occurred outside of the filing period, and are therefore time-barred. Dkt. # 40 at 9. Accordingly, his failure to accommodate claim that is based on deregistration has already been dismissed. Finally, it is unclear to the court whether plaintiff is attempting to allege,

---

[1] The court also believes this concession disposes of his section 1981 claim. However, since the parties appear to disagree, the court has addressed his section 1981 claim below.

ORDER- 2

for the first time, a claim under the Family and Medical Leave Act ("FMLA"). Dkt. # 84 (Opp'n) at 14. To the extent that he does, such a claim was never alleged in the complaint, and is thus untimely.[2]

Following the court's orders and plaintiff's concessions, the only claims that remain are race discrimination in deregistration under section 1981 and disability discrimination in reinstatement under the Washington Law Against Discrimination ("WLAD").

Having considered the memoranda, exhibits, and the record herein,[3] the court GRANTS defendants' motions for summary judgment and DENIES plaintiff's motions for summary judgment.

**A. Motions to Strike**

Plaintiff moves to strike various filings of PMA (Dkt. # 89-92). Dkt. # 93. Those documents are PMA's reply and two supporting declarations, as well as a motion to clarify that the court has already denied. PMA's reply and supporting declarations were properly filed. Plaintiff does not identify what contradictions exist between the declarations of Ms. Starkey and her deposition. To the extent any contradictions did exist and plaintiff had properly brought them to the court's attention, the court would simply review the evidence in the light most favorable to plaintiff, as is required on summary judgment. Plaintiff also makes reference to a motion for sanctions. Dkt. # 93. In his reply in support of a motion for continuance and leave to file a second amended complaint, plaintiff requests that the court impose sanctions against Mr. Barnes who

---

[2] Plaintiff's reference to failure to accommodate in the context of restoring his original position (i.e., re-registration) is only with reference to legal authority under the FMLA, not the WLAD. Dkt. # 84 (Opp'n) at 14. The court also notes that plaintiff's own evidence demonstrates that his request for leave was for a "personal matter," not medical. Dkt. # 65-1 at 8 (Ex. 4 to Plf.'s Mot. For Partial Summ. J.).

[3] Neither party has requested oral argument, and this matter may be decided on the papers submitted.

ORDER- 3

allegedly "intentionally revealed settlement information that plaintiff designated as 'confidential.'" Dkt. # 81 at 2. Plaintiff has not produced any evidence of sanctionable conduct. Accordingly, plaintiff's motion to strike and request for sanctions is DENIED. Plaintiff has also moved to strike personal notes of Mr. Schwendeman and a letter from an EEOC investigator, despite the fact that plaintiff relied on these documents in his original motion. Dkt. # 64. Since the court has not relied on any of this evidence for purposes of resolving these motions, the court need not resolve this motion as it has not considered such evidence.

PMA has also moved to strike the majority of plaintiff's second declaration (Dkt. # 89 (PMA reply at 4)) based on lack of personal knowledge, speculation, lay opinion, legal conclusions, inadmissible hearsay, and the best evidence rule. The court agrees. The court has disregarded those portions of plaintiff's second declaration that are not based on personal knowledge, are inadmissible hearsay, contain legal and factual conclusions, and that violate the best evidence rule. Fed. R. Evid. 602, 701, 702, 801, 802, 1002.

**B. Analysis**

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a

genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000). However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also, White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim").

At the summary judgment stage, in cases where plaintiff lacks direct evidence of discriminatory animus, a plaintiff may establish a prima facie case under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[4] *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004); *see Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008) (applying *McDonnell Douglas* to § 1981 claims); *Kastanis v. Educ. Emps. Credit Union*, 122 Wash. 2d 483, 490, 859 P.2d 26 (1993) ("This court has adopted the standard articulated by *McDonnell Douglas* in discrimination cases that arise out of RCW 49.60.180 and the common law.").

Under the *McDonnell Douglas* framework, plaintiff must offer evidence supporting a prima face case of unlawful discrimination.[5] *McDonnell Douglas*, 411 U.S. at 802. If he succeeds, the burden shifts to defendant to produce evidence of a lawful motive for terminating him. *Id.* If defendant succeeds, plaintiff is obligated to produce

---

[4] Because Title VII of the Civil Rights Act of 1964 was the model for RCW 49.60, courts turn to decisions interpreting the federal provision when analyzing a claim under the WLAD as persuasive authority. *Xieng v. Peoples Nat. Bank of Washington*, 120 Wn.2d 512, 518 (1993) (citing *Oliver v. Pacific Northwest Bell Tel. Co.*, 106 Wn.2d 675, 678 (1986)).

[5] Plaintiff agrees that the *McDonnell Douglas* framework is appropriate in his case. *See* Dkt. # 65 (MSJ against PMA) at 10.

evidence that defendant's stated lawful motive is pretext. *Id.* at 804. If there is sufficient evidence of pretext, the case must go to the jury. The WLAD makes it an unlawful employment practice to discriminate against any person in hiring, discharge, compensation or other terms or conditions of employment because of disability, among others. RCW 49.60.180. Section 1981 prohibits racial discrimination in the making and enforcement of private contracts. 42 U.S.C. § 1981.

A prima facie case of employment discrimination alleging disparate treatment has four elements: (1) the employee is a member of a protected class, (2) the employee is qualified for the employment position or performing substantially equal work, (3) the employee suffered an adverse employment action, and (4) similarly situated employees not in plaintiff's protected class received more favorable treatment.[6] *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002); *Davis v. West One Auto. Group*, 140 Wn. App. 449, 459, 166 P.3d 807 (2007); *see also Surrell*, 518 F.3d at 1105-06 (section 1981). In opposing summary judgment, an employee's evidentiary burden in establishing a prima facie case is not onerous. *Aragon*, 292 F.3d at 659 (The "requisite degree of proof necessary to establish a prima facie case for Title VII … on summary judgment is *minimal* and does not even need to rise to the level of a preponderance of the evidence.") (emphasis in original).

Plaintiff has not offered any direct evidence of discriminatory intent by either ILWU or PMA. The evidence he did provide is woefully insufficient to qualify as direct evidence. Plaintiff's evidence consists of various doctors' notes or evaluations regarding his use of drugs and alcohol, his own requests for leave of absence and for the 14-99 program, the arbitration hearing transcript, Ms. Starkey's deposition testimony, and his

---

[6] In the discharge context, courts have identified the second factor as plaintiff performing his job satisfactorily and the fourth factor as plaintiff being replaced by an individual outside the protected class. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000) (ADEA); *Hill*, 144 Wash. 2d at 188 (age discrimination under WLAD and RCW 49.44.090).

own declaration. None of these pieces of evidence provide direct evidence of discriminatory intent by PMA or ILWU based on race or disability. Plaintiff's opinion or perception of defendant's conduct is not evidence of discriminatory intent. Additionally, Ms. Starkey's testimony that she received medical documentation from plaintiff stating that he was medically disabled, but refused to accept it because of his incarceration indicates that the motivation of the denial was due to his incarceration, not his disability.[7] Accordingly, plaintiff must make out a prima facie case pursuant to *McDonnell Douglas*.

With respect to his section 1981 claim, plaintiff would have had to present evidence, in addition to the other elements, that similarly situated individuals who were not African-American were treated more favorably in the deregistration process. Plaintiff has not presented any such evidence. Rather, PMA's evidence demonstrates that all individuals who were incarcerated (regardless of race) were deregistered for unavailability. Dkt. # 60 (Third Weber Decl.) ¶¶ 4-6.

With respect to the WLAD disability discrimination claim, plaintiff would have had to present evidence, in addition to the other elements, that similarly situated individuals who did not have a disability were treated more favorably in the re-registration process. Plaintiff has failed to produce any such evidence. Rather, the undisputed evidence in the record demonstrates that one of the requirements to be re-registered through the "14-99"[8] procedures is that the deregistration must have been caused by drug or alcohol dependency. Dkt. # 55 (Williams Decl.) ¶ 10, Ex. F; Dkt. # 60 (Third Weber Decl.) ¶ 3. Thus, every individual who was re-registered through the "14-

---

[7] The court notes that there is no evidence with respect to the timing of when Ms. Starkey received this medical documentation. The documentary evidence in the record suggests that the "medical documentation" arrived after his incarceration, and only referenced his psychiatric diagnoses, not his drug or alcohol use. Dkt. # 65-1 at 51-54 (Exs. 6-7 to Plf.'s MSJ against PMA).

[8] The "14-99" program aims at helping longshore workers who were deregistered due to a drug or alcohol-related cause to be re-registered. Dkt. # 55 (Williams Decl.) ¶ 10, Ex. F.

99" program presumably shared the same protected group that plaintiff claims: disability based on drug or alcohol dependency.  Accordingly, plaintiff has failed to meet his burden in providing a prima facie case of disability discrimination.  Additionally, to the extent that plaintiff attempts to recast his disability discrimination claim as a "failure to accommodate" in the process of re-registration, plaintiff's own evidence demonstrates that he did not request "medical leave" for the period of his incarceration, but rather requested a leave of absence for a "personal matter" from December 20, 2007 until September 1, 2008.  Dkt. # 65-1 at 8 (Ex. 4 to Plf.'s MSJ against PMA).

**C. Conclusion**

For all the foregoing reasons, the court GRANTS defendants' motions for summary judgment (Dkt. ## 52, 57) and DENIES plaintiffs' motions for summary judgment (Dkt. ## 49, 65).  The court has also DENIED plaintiff's motion to strike above.  Dkt. # 93.  Accordingly, the only remaining motion on the court's docket is plaintiff's motion to direct the parties to pro bono mediation.  Dkt. # 99.  Since the court has granted defendants' motions for summary judgment and dismissed all of plaintiff's claims, the court DENIES this motion.  The Clerk is DIRECTED to enter judgment in favor of defendants and against plaintiff.

The Clerk is also DIRECTED to SEAL the following documents because of the personal identifying information and photographs of non-party individuals that are attached to the Third Weber Declaration: Dkt. # 60-1 at 10-14 (Ex. C); # 60-2 at 2 (Ex. H), at 4 (Ex. I), at 6 (Ex. J), at 34 (Ex. M).  The Clerk is also DIRECTED to SEAL Exhibit C to the Fourth Weber Declaration and Exhibits B and C to the Fifth Weber Declaration for the same reasons.  Dkt. # 86 at 18 (Ex. C); Dkt. # 90 at 11, 16. (Exs. B, C).  The court notes that in order to seal parts of a particular docket number, the clerk must seal the entire docket entry.  Accordingly, the Clerk is ORDERED to seal Dkt. # 60-1, # 60-2, # 86, and # 90.  PMA is ORDERED to file redacted versions of these

1 documents consistent with the exhibits identified above within fourteen days of this
2 order.
3     Finally, the court notes that Mr. Demmings has filed a new case against PMA and
4 ILWU Benefit Plans Office that is currently pending before the undersigned. Case No.
5 C13-5737-RAJ. To the extent the court's orders in this case apply to any of the claims
6 alleged in the new case, the parties are expected to advise the court accordingly.
7     Dated this 24th day of September, 2013.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER- 9